The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OMAR ALI, an individual, and KHALID MOHAMED, an individual, and MOHAMUD JAMA, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION, INC., a foreign business entity, and JOHN MENZIES PLC, a foreign limited liability company,<br><br>    Defendants. | Case No. 2:16-cv-262 RSL<br><br>**DECLARATION OF DUNCAN C. TURNER IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Duncan C. Turner deposes and states:

1. I am lead counsel for the plaintiff in this action. I am making this declaration in support of Stipulated Motion to Lift Stay and for Certification of Settlement Class and for Preliminary Approval of Class Action Settlement. I have personal knowledge of the matters stated herein and am competent to testify as to the same.

2. This action was originally filed in King County Superior Court on January 20, 2016. A First Amended Complaint adding two additional plaintiffs was filed the next day. The Defendants (collectively, "Menzies") removed the case to federal court on February 22, 2016. On March 14, 2016, the parties filed a stipulated motion for a stay in order to pursue settlement options which the Court granted on March 16.

Turner Decl. in Support of Class Certification and Preliminary
Approval of Class Settlement - 1
2:16-CV-262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

3. A key factor prompting the parties to engage in early mediation was a mutual arbitration agreement and class action waiver that Menzies and all of the putative class members entered into as a condition of their employment prior to the commencement of the litigation.

4. One aspect of evaluating and investigating this case is consideration of the alternative of the class members pursuing individual actions in arbitration. A primary consideration was whether a substantial portion of the class would actually pursue their claims, and certain demographic factors of the class suggested that this was unlikely. For those who did pursue their claims, the process would likely be highly inefficient. For a large number of individual lawyers to research, brief, and oppose the complex preemption defense in individual arbitration proceedings, plaintiffs' counsel estimates that over 100 hours would be required. Even for counsel that understands and have briefed the common legal issues, mounting and presenting each arbitration would require an estimated 45 to 50 hours of attorney and paralegal time. On the other side, the defense costs would likely be commensurate. I believe both sides recognize the inefficiency that this would present in the instant case.

5. Many of the class members are recent immigrants with limited command of the English language and little or no experience with (or comprehension of) the workings of the U.S. legal system. Plaintiffs' counsel believes that, absent a class-wide settlement, many of the potential Settlement Class Members would go uncompensated due to their inability to effectively pursue individual claims.

6. To determine the size of the class members, the burden of identifying the members, and the calculation of their aggregate damages, the plaintiffs sought and Menzies provided the relevant payroll records from which can be derived the identity of class members, the number of hours worked, and various rates (straight time, overtime, holiday, etc.) at which

Turner Decl. in Support of Class Certification and Preliminary
Approval of Class Settlement - 2
2:16-CV-262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

they were actually paid. From this data, plaintiffs' counsel developed a damages model to reflect the amounts that would have been paid to each employee at the base rate required by the Ordinance and the aggregate value of damages of the class, which we calculated to total $8,183,965.71.

7. The parties engaged in mediation with attorney Louis D. Peterson on June 8, 2016. After a full day of negotiations, the parties reached the Conditional Settlement Agreement that is the basis this motion. The settlement establishes an $8,185,000 fund that we calculate represent slightly more than 100% of the difference between wages paid to the putative class and the minimum wage set by the Ordinance during the class period (January 1, 2014 to February 14, 2016. The class size, according to Menzies' employment records consists of 738 claimants (past and current employees). The average recovery (before allocation of attorneys' fees, costs, and an award to class reps) is $11,090.79 per class member. The range between the lowest and highest recovery will be determined by the relative number of hours worked by particular class members. As an additional benefit to the class, all costs of administration will be borne by Menzies and not the class.

8. The Conditional Settlement Agreement provides that, should 101 or more class members opt out of the Class, Menzies shall have the option of reopening negotiations of the settlement.

9. We are seeking appointment of Badgley Mullins Turner PLLC and the Law Office of Daniel R. Whitmore as class counsel. Mr. Whitmore has filed a separate declaration regarding his background and qualification. Those of me and my firm are below.

Turner Decl. in Support of Class Certification and Preliminary Approval of Class Settlement - 3
2:16-CV-262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

10. I am the managing member of Badgley Mullins Turner PLLC, counsel of record in this matter, and I have served in that position for over 12 years. Prior to joining my current firm, I was an attorney with the Bogle & Gates law firm in Seattle.

11. I am admitted to practice before this court and am a member in good standing of the bars of the State of Washington and (in an inactive status) the State of Mississippi. I am also admitted to practice in the Eastern District of Washington; the District of Colorado; the U.S. Court of Federal Claims; the U.S. Courts of Appeal for the Fifth, Ninth, and Federal Circuits; the U.S. Tax Court; and the Court of International Trade. I have been "AV" rated by my peers in Martindale Hubbell in every year in which I have been eligible (approximately 20 years). I have been selected as a Washington "Super Lawyer" by Thomson Reuters in the years 2014, 2015 and 2016.

12. I received my undergraduate degree (Bachelor of Science) from the United States Military Academy at West Point, N.Y., in 1974. I received a Juris Doctor degree (Magna Cum Laude) from the University of Mississippi in 1990 and concurrently was awarded a Masters of Business Administration degree.

13. Badgley Mullins Turner PLLC ("BMT") is a Seattle-based law firm with a broad practice that focuses on complex civil and commercial litigation with an emphasis on business disputes, employment claims, antitrust litigation, and intellectual property litigation. BMT has recent experience acting as co-counsel in the following class actions/putative class actions and shareholder derivative cases:

| | | |
|---|---|---|
| Wick v. Twilio, Inc. | Western Dist. Washington | 2016 |
| Israel v. Diamond Parking Svc., Inc. | Western Dist. Washington | 2016 |
| DesJardins v. USHEALTH Advisors, LLC | Western Dist. Washington | 2016 |

Turner Decl. in Support of Class Certification and Preliminary Approval of Class Settlement - 4
2:16-CV-262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

| | | |
|---|---|---|
| Emerson v. Premera Blue Cross | Western Dist. Washington | 2015 |
| Barovic v. Ballmer (Microsoft) | Western Dist. Washington | 2014 |
| Bessent v. Lee (L&L Energy) | King County, Washington | 2013 |
| Rinky Dink, Inc. v. Electronic Merchant Sytems, Inc. | Western Dist. Washington | 2013 |
| Weinstein v. Kirkman | Western Dist. Washington | 2013 |
| Simpson v. Inter-con Security Systems, Inc. | Western Dist. Washington | 2012 |
| Judd v. AT&T, Inc. | King County, Washington | 2012 |
| In re Soda Co. Derivative Litigation | King County, Washington | 2007 |

Additionally, I am currently lead counsel in the following putative class actions involving the failure of employers to abide by the City of SeaTac minimum wage ordinance:

### **Pending in U.S. District Court, Western District of Washington**

| | |
|---|---|
| Eicher v. Advantage OPCO et al | 2:16-cv-00932 JLR |
| Hussein et al v. Air Serv Corporation | 2:16-cv-00278 RSL |
| Hufune et al v. Bags, Inc. | 2:16-cv-00265 RSL |
| Abdi v. Avis Budget Group, Inc. et al | 2:16-cv-00421 RSL |
| Jesse et al v. DAL Global, Inc. | 2:16-cv-00599 RSL |
| Ogawa et al v. Dufry AG et al | 2:16-cv-00841 RSL |
| Jama et al v. GCA Services Group, Inc. | 2:16-cv-00331 RSL |
| Jama et al v. Golden Gate America LLC | 2:16-cv-00611 RSL |
| Hirsi v. The Hertz Corporation | 2:16-cv-00333 RSL |
| Nugussie et al v. HMS Host North America et al | 2:16-cv-00268 RSL |

Turner Decl. in Support of Class Certification and Preliminary Approval of Class Settlement - 5
2:16-CV-262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

| Muse v. Huntleigh USA Corporation | 2:16-cv-00357 RSL |
| Ali et al v. Menzies et al | 2:16-cv-00262 RSL |
| Abdi et al v. Prospect International Services Inc. | 2:16-cv-00372 RSL |
| Allen, et al. v. Flight Services & Systems, Inc. | 2:16-cv-01137 RSL |

**Pending in King County Superior Court**

| | |
|---|---|
| Ahmed et al v. Aircraft Service International Group et al | 16-2-01662-6 SEA |
| Ali et al v. ATZ, Inc. et al | 16-2-10366-9 SEA |
| Ahmed v. Fox Rent-A-Car, Inc. | 16-2-03084-0 SEA |
| Eli v. Hanjin Global Logistics et al | 16-2-03259-1 SEA |
| Ali v. Consolidated Aviation Services, Inc., et al | 16-2-06716-6 SEA |
| Judd et al v. Swissport USA, Inc. | 16-2-04371-2 SEA |

14. BMT has invested a significant amount of time and expense in investigating the claims of the potential class members and in understanding the social, cultural, and economic factors that relate to the potential class.

15. Counsel began investigating the incidence of employers paying (or not paying) the minimum wage in August of 2015 when the Washington Supreme Court issued its decision in the Filo Foods case. Numerous inquiries from potential class members and leaders in the community led counsel to evaluate the viability of the claims, the strengths of the arguments for and against the enforceability of the Ordinance, and issues relating to the utility and viability of resolution of these claims through class action litigation. Counsel continued to field inquiries from employees throughout the remainder of 2015, expecting that employers would, either at

Turner Decl. in Support of Class Certification and Preliminary
Approval of Class Settlement - 6
2:16-CV-262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

the end of the next pay period or by the end of the year, remit to the employees the unpaid wages. When that did not occur, plaintiff's counsel commenced litigation against a number of employers, including Menzies.

16. BMT is prepared to continue to make the requisite investments of time, talent and money to ensure a competent and professional prosecution of the instant case.

17. As noted above, Menzies has agreed to bear all of the costs of administering the class settlement. It has selected Simpluris, Inc. as its preferred third party administrator. Simpluris describes itself on its website (www.simpluris.com) as follows:

> Simpluris Inc. is a national class action settlement administrator established in 2007. With a strong focus on customer service and utilizing proprietary systems and innovative solutions, Simpluris has built a first-rate reputation for handling cases. Simpluris focuses exclusively on class action cases, providing a wide range of services including case planning, database management, pre-certification mailings, case notification, case administration, disbursement and tax reporting. Whether it is a straightforward mailing or a multi-state distribution with several million members, we will administer your case with efficiency and accuracy.
> In 2011, Simpluris was recognized by Inc. Magazine as number 171 on the annual Inc. 500 list which recognizes the nation's fastest growing private companies in America. Our experienced team has administered over 1,400 class action settlements and noticing procedures.
> ***
> Simpluris has extensive experience in the realm of labor and employment class action settlements with a niche in Wage and Hour. Employment lawsuits arise on behalf of mistreated employees with claims ranging from systematic and proven workplace discrimination, illegal hiring and promotions, illegal retaining, and wrongful termination practices, unpaid unemployment benefits and similar situations where employees received less than their expected wage for work performed.
>
> Wage-and-hour disputes typically carry with them complicated calculation processes of recorded work hours or payroll history data. These situations carry with them exports or copies of information that is often manually handled and parsed, which can be a time consuming and expensive proposition. As just one part of **LiveCase™**, Simpluris can semi and fully automate the digital scanning, data input, isolation, extraction, and mining of data that would feed the calculation process. Our labor and employment case

Turner Decl. in Support of Class Certification and Preliminary Approval of Class Settlement - 7
2:16-CV-262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

managers and administration teams are supported by this state-of-the-art proprietary technology to ensure accuracy and efficiency in all aspects of our administration, from noticing and claims processing, to calculating and disbursing payment awards.

I have spoken to a Simpluris representative who assured me that the company handles all aspects of claims processing from giving notice through tax reporting. It appears that Simpluris, Inc. is a reasonable choice to act as the Settlement Administrator.

18. Plaintiffs will be seeking a modest incentive award of $2,000 per plaintiff. The plaintiffs in the case were not deposed, however their contributions were substantial. As low wage workers, they feel (rightly or not) vulnerable to retaliation or other adverse consequences that an employer might bring against a named plaintiff. Despite these misgivings, these workers willingly undertook to represent 736 of their fellow workers.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED this 5th day of August, 2016.

/s/ Duncan C. Turner_____
Duncan C. Turner, WSBA # 20597
BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
Facsimile: (206) 621-9686
Email: duncanturner@badgleymullins.com
**Attorney for Plaintiffs**

Turner Decl. in Support of Class Certification and Preliminary Approval of Class Settlement - 8
2:16-CV-262

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686