HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMAR ALI, an individual, and KHALID MOHAMED, an individual, and MOHAMUD JAMA, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>MENZIES AVIATION, INC. , a foreign business entity, and JOHN MENZIES PLC, a foreign limited liability company,<br><br>　　　　　Defendants. | Case No.  2:16-cv-00262RSL<br><br>ORDER LIFTING STAY, GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT |

Before the Court is the parties "Stipulated Motion to Lift Stay and for Certification of Settlement Class and for Preliminary Approval of Class Settlement" (Dkt. # 13) and the "Stipulated Amendment to Proposed Notice of Class Action Settlement" (Dkt. # 16). The Court has considered Stipulated Motion, together with the supporting declarations and exhibits and the remainder of the record.

### I.   MOTION TO LIFT STAY.

The motion to lift the stay in place in this case is GRANTED.

Order Lifting Stay, Granting Class Certification and Preliminarily Approving Class Action Settlement - 1

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## II.  MOTION FOR CLASS CERTIFICATION.

Plaintiffs' Motion for Class Certification is GRANTED.

The Court makes the following Findings with respect to Plaintiffs' Motion:

### A.  Standard of Review

A party seeking to certify a class must establish that the requirements of Fed. R. Civ. P. 23 are met. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). A court must engage in a "rigorous analysis" to determine whether the requirements of Fed. R. Civ. P. 23 are satisfied. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). However, the evidentiary showing need not be extensive. *Blackie v. Barrack*, 524 F. 2d 891, 901 (9th Cir. 1975).

### B.  Plaintiffs have satisfied Fed. R. Civ. P. 23(a)

To be certified under Fed. R. Civ. P. 23(b)(3), Plaintiffs and the proposed Class must first satisfy all the requirements of Fed. R. Civ. P. 23(a):

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

### 1.  Numerosity.

The Class's size is sufficiently numerous to meet the requirement of numerosity. There are, at least, hundreds of class members in the class. As a general rule a potential class of 40 members is considered impractical to join. *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir.1986). Accordingly, Plaintiffs have met their burden of showing that the proposed Classes are so numerous that joinder is impracticable.

Order Lifting Stay, Granting Class Certification and Preliminarily Approving Class Action Settlement - 2

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

### 2. Commonality

A class meets the commonality requirement when "the common questions it has raised are 'apt to drive the resolution of the litigation' no matter their number. *Jiminez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014). Here, Plaintiffs have alleged that Defendant engaged in a common course of conduct by failing to pay the minimum wage mandated by City of SeaTac Ordinance 7.45.

The Class's common questions include:

- o Whether the Defendants had a duty to pay its non-managerial employees the minimum hourly wages provided within the Ordinance.

- o Whether the Defendants wrongfully withheld the minimum hourly wages provided within the Ordinance.

- o Whether the Defendants' failure to pay its employees the minimum hourly wages provided within the Ordinance constituted a statutory violation.

- o Whether the Defendants were unjustly enriched by withholding the minimum hourly wages provided within the Ordinance.

- o Whether Defendants have a contractual defense or immunity from suit in this venue.

- o Whether the Defendants' injured employees are entitled to receive punitive or double damages as result of The Defendants willful withholding of the minimum hourly wages provided within the Ordinance.

These common questions of fact and law are sufficient to satisfy the Fed. R. Civ. P. 23(a) commonality requirement.

### 3. Typicality

The proposed Class Representatives' claims are typical of the Class because Plaintiffs' claims arise from the same alleged course of conduct and are based on the same legal theories regarding Defendants' allegedly wrongful conduct. Each Class member has claims based on the

Order Lifting Stay, Granting Class Certification and Preliminarily Approving Class Action Settlement - 3

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

same legal theories as the Plaintiffs, i.e., alleged failure to pay the prevailing minimum wage. Typicality has been interpreted to mean that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Falcon*, 457 U.S. at 156 (*quoting East Texas Motor Freight Sys., Inc., v. Rodriguez,* 431 U.S. 395, 403 (1977). Accordingly, Plaintiffs' claims satisfy the typicality requirement of Fed. R. Civ. P. 23.

### 4. Adequacy

The proposed Class Representatives and their counsel will fairly and adequately protect the interests of the Class. Plaintiffs have no antagonistic or conflicting interests with absent Class members and Class counsel are experienced in employment litigation and class action practice.

### 5. The Requirements of Fed. R. Civ. P. 23(b)(3) Are Met.

This dispute for every member of the proposed Class revolves around questions common to the Class, listed above. Answering those common questions will determine the liability of Defendants to every member of the proposed Class. Accordingly, common questions predominate over individual questions and answering these questions in a single forum "would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." 1966 Advisory Committee Notes, Rule 23(b)(3). In addition, a class action is superior to other available means for the fair and efficient adjudication of this controversy. Fed. R. Civ. P. 23(b)(3) recites that a court should consider: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class

Order Lifting Stay, Granting Class Certification and Preliminarily Approving Class Action Settlement - 4

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

action. All of these factors favor certification here. Hundreds of Class members bringing individual claims would not conserve time, effort and expense or provide a forum for claimants like those here. Absent Class members are unlikely to have any interest in individually controlling their claims, and the claims of former employees might go unaddressed but for their inclusion in a class action. Defendants have substantial contacts in Washington state and all of the class members live (or have lived) here; therefore this jurisdiction has a particular interest in this matter, making this a desirable location to litigate these claims.

IT is, accordingly, hereby ORDERED, ADJUDGED AND DECREED:

1. This action shall be maintained as a Class Action under Fed. R. Civ. P. 23(b)(3) and on behalf of the following Class:

   > All employees of the Defendants who are alleged to have been either Hospitality Workers or Transportation Workers and who worked one or more hours within the City of SeaTac at any time during the time period from January 1, 2014, to February 14, 2016, and who were paid less than the prevailing minimum wage prescribed by City of SeaTac Ordinance 7.45.050, i.e., a base rate of $15.00 per hour in 2014 and $15.24 in 2015 and 2016.

2. Plaintiffs Omar Ali, Khalid Mohamed, and Mohamud Jama are appointed Class Representatives.

3. Plaintiffs' counsel are hereby appointed and designated as counsel for the above-mentioned Class and are authorized to act on behalf of the members of the Class.

4. Simpluris, Inc. is appointed as Claims Administrator.

### III. MOTION FOR PRELIMINARY APPROVEL OF CLASS SETTLEMENT.

This Court has reviewed the Parties' Settlement Agreement ("Agreement"), as well as the files, records and proceedings to date in this matter. For purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Stipulated Motion for Approval of

Order Lifting Stay, Granting Class Certification and
Preliminarily Approving Class Action Settlement - 5

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Class Action Settlement, unless otherwise defined. This Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members.

Based on this Court's review of the Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph C below) to confirm that the Agreement and Settlement are fair, reasonable, and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

A.   <u>Preliminary Approval of Proposed Settlement</u>.

The Agreement is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

B.   <u>Class Certification For Settlement Purposes Only.</u>

Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All employees of the Defendants who are alleged to have been either Hospitality Workers or Transportation Workers and who worked one or more hours within the City of SeaTac at any time during the time period from January 1, 2014, to February 14, 2016, and who were paid less than the prevailing minimum wage prescribed by City of SeaTac Ordinance 7.45.050, i.e., a base rate of $15.00 per hour in 2014 and $15.24 in 2015 and 2016.

Order Lifting Stay, Granting Class Certification and
Preliminarily Approving Class Action Settlement - 6

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

C. <u>Settlement Hearing.</u>

A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Robert S. Lasnik on January 5, 2017, at 9:00 am as set forth in the notice to the Settlement Class (described in Paragraph C below), to determine whether the Agreement is fair, reasonable, and adequate and should be approved. Papers in support of final approval of the Agreement, the incentive awards to Plaintiffs, and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph M below. If the Settlement Hearing is postponed, adjourned, or continued by order of the Court, the Parties shall notify the Settlement Class by posting the change on the Settlement Website. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled. The scope of the Released Claims shall be a full and complete release of any and all claims, known or unknown, asserted or unasserted, arising under any provisions of Chap. 7.45 et seq. of the City of SeaTac Municipal Code, the Washington Minimum Wage Act, and the Fair Labor Standards Act.

D. <u>Class Notice.</u>

Class Notice shall be sent within thirty (30) days following entry of this Order.

E. <u>Mail Notice.</u>

The Claims Administrator will provide mail notice to persons in the Settlement Class for whom Defendants possess a mailing address. Mail Notice will be sent via direct mail to the most recent mailing address as reflected in reasonably available employment records of Defendants. Skip tracing shall be performed by the Claims Administrator for all returned mail.

Order Lifting Stay, Granting Class Certification and Preliminarily Approving Class Action Settlement - 7

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

F.  Findings Concerning Class Notice.

The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the amended Class Notice program is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23. The Court hereby approves the Notice in substantially the same form as presented in Dkt. #16-1.

G.  Administration.

The Claim Form and the claims submission process described in the Agreement and Stipulated Motion are hereby approved. In addition, the Court confirms that it is appropriate for Defendants to provide the information necessary to provide the notice contemplated herein and to administer the settlement, including names, addresses and account information.

H.  Exclusion from the Settlement Class.

1. Persons in the Settlement Class will possess the right to opt out by sending a written request to a designated address within sixty (60) days after the Notice Deadline. All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

2. Exclusion requests must be signed and include a statement substantially as follows: "I/we request to be excluded from the class settlement in *Ali et al. v. Menzies Aviation, Inc. et al.*, Case No. 2:16-cv-00262."

3. The Claims Administrator will retain a copy of all requests for exclusion.

Order Lifting Stay, Granting Class Certification and Preliminarily Approving Class Action Settlement - 8

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

    4.   Not later than 14 days from the exclusion deadline, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received.

I.    <u>Objections And Appearances.</u>

Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive awards to the Plaintiffs.

    1.   In order to be heard at the hearing, the person must make any objection in writing and file it with the Court not later than sixty (60) days after mailing of the class notice. Any objections that are not timely filed and mailed shall be forever barred.

    2.   In order to be heard at the hearing, the person also must file with the Court and serve on all Parties a Notice of Intention to Appear with the Court.

J.    <u>Further Papers In Support Of Settlement and Fee Application.</u>

The deadline to respond to objections shall be fifteen (15) days following the Objection/Exclusion deadline.

K.    <u>Effect of Failure to Approve the Agreement.</u>

In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

    1.   All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or

Order Lifting Stay, Granting Class Certification and
Preliminarily Approving Class Action Settlement - 9

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

  referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

2. The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Defendants for the matters alleged in the Actions or for any other purpose;

3. Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiffs on any point of fact or law.

L. <u>Stay/Bar Of Other Proceedings.</u>

All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

M. <u>Timeline.</u>

| | |
|---|---|
| X = | Date of this Order |
| X + 10 | Deadline to serve CAFA Notice pursuant to 28 U.S.C. § 1715(b) |
| X + 30 | Notice Deadline. |
| X + 60 | Deadline for Class Counsel to file Fee Petition and Request for Incentive Awards. Fee petition must be posted on the Settlement Website within 24 hours of filing with the Court. |

Order Lifting Stay, Granting Class Certification and Preliminarily Approving Class Action Settlement - 10

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

| | | |
|---|---|---|
| X + 90 | | Claim, Exclusion, and Objection Deadline. |
| X + 105 | | Deadline for parties to submit responses to any objections and motion for final approval |
| Y = | | Final approval hearing on January 5, 2017, at 9:00 am. |

**IT IS SO ORDERED**

Dated this 6th day of September, 2016.

*[signature]*
Robert S. Lasnik
United States District Judge

Order Lifting Stay, Granting Class Certification and Preliminarily Approving Class Action Settlement - 11

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686