The Honorable Robert Lasnik

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

OMAR ALI, an individual, and KHALID MOHAMED, an individual, and MOHAMUD JAMA, an individual,

Plaintiffs,

vs.

MENZIES AVIATION, INC. , a foreign business entity, and JOHN MENZIES PLC, a foreign limited liability company,

Defendants.

Case No. 2:16-cv-262 RSL

**ORDER APPROVING SETTLEMENT**

WHEREAS, plaintiffs and Menzies Aviation Inc. ("Menzies") have agreed to a settlement of the above-captioned class action, and

WHEREAS, the Court, has considered the proposed settlement, the remainder of the file, and the arguments of counsel,

IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:

1)   Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Order Lifting Stay, Granting Plaintiffs' Motion for Class

ORDER APPROVING SETTLEMENT  - 1

Certification, and Preliminarily Approving Class Action Settlement (Dkt. # 17) and the Plaintiff's Motion for Attorney's Fees and Expenses (Dkt. # 18).

2) The Court conditionally certified the Class defined below:

> All employees of the Defendants who are alleged to have been either Hospitality Workers or Transportation Workers and who worked one or more hours within the City of SeaTac at any time during the time period from January 1, 2014, to February 14, 2016, and who were paid less than the prevailing minimum wage prescribed by City of SeaTac Ordinance 7.45.050, i.e., a base rate of $15.00 per hour in 2014 and $15.24 in 2015 and 2016.

That Class is hereby finally and unconditionally certified.

3) The Settlement Agreement, which requires Menzies to pay $8,185,000.00 as consideration to the Class, was the result of arm's length negotiations between Menzies and Class Counsel. At oral argument, defendant further agreed to use the back pay calculation method that generated the settlement fun to increase the settlement amount as necessary to compensate recently-identified class members. As amended and supplemented by that agreement, the Settlement Agreement is fair and reasonable.

4) The parties have further agreed to amend the notice program and claim administration process provided in the Settlement Agreement to perform additional investigations and provide an additional notice if a settlement check is not cashed within ninety days of issuance in order to reduce the amount of funds not claimed.

5) The Court approves the proposed class action settlement, and orders the following: (a) Menzies is directed to fund the settlement and to place the funds with the Settlement Administrator, Simpluris, Inc., within a reasonable time, (b) Simpluris, Inc. is authorized to distribute the Settlement Funds to the Class as directed by Class Counsel, and

(c) Simpluris, Inc. is directed to distribute the attorneys' fees and incentive awards as provided in the "Order Granting Motions for Attorney's Fees and Incentive Awards," of even date.

IT IS SO ORDERED

DATED this 11th day of January, 2017.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge